**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:       Johnny Lee Childress, Jr. v. The State of Texas

Appellate case number:    01-16-00416-CR

Trial court case number:   15-DCR-070013A

Trial court:                     268th District Court of Fort Bend County

Appellant's court-appointed counsel has filed an appellate brief concluding that the above-referenced appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). If appointed counsel believes that an appeal is frivolous, counsel must request permission to withdraw. *See id.* An *Anders* brief must accompany a motion to withdraw because neither the brief nor the motion may be filed on its own. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008).

Also, while counsel's *Anders* brief cover page has the correct appellate cause number and trial court, it lists a different trial court cause number, 15-DCR-070013, from the one listed above, 15-DCR-070013A, taken from the notice of appeal. *See* TEX. R. APP. P. 9.4(g), (k). On June 6, 2016, the clerk's record for trial court cause number, 15-DCR-070013, was filed in this Court including, among other documents, the trial court's certification of the right of appeal, noting that appellant had no right of appeal and that he had waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

On August 2, 2016, appellant's counsel filed a motion to extend time to file appellant's brief in this Court and noted a jurisdictional issue for trial court cause number 15-DCR-070013A, which had been dismissed as a result of appellant's plea-bargain in 15-DCR-070013, but did not address any jurisdictional issues for trial court cause number 15-DCR-070013. Although counsel was appointed by the trial court as appellant's counsel for both trial court cause numbers 15-DCR-070013 and 15-DCR-070013A, a notice of appeal was timely filed only in 15-DCR-070013A.

In addition, although counsel's brief states that he mailed a copy of the *Anders* brief to the appellant, counsel has not filed a separate cover letter or notice in accordance with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). Under *Kelly*, appointed counsel must "(1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him with a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, [] (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous," and (4) "notify his client that, should he wish to exercise his right to review the appellate record in preparing to file a response to the *Anders* brief, he should immediately file a motion for *pro se* access to the appellate record with the applicable court of appeals," which letter includes "a form motion . . ., lacking only the appellant's signature and the date, . . . inform[ing] the appellant that, in order to effectuate his right to review the appellate record *pro se*, should he choose to invoke it, he must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel." 436 S.W.3d at 319–20.

Accordingly, we **order** appellant's appointed counsel, Michael C. Diaz, to file with the Clerk of this Court a motion to withdraw that complies with Texas Rules of Appellate Procedure 6.5 and 9.4, and an amended *Anders* brief correcting the trial court cause number to 15-DCR-070013A and addressing whether we have jurisdiction, and to mail a cover letter to appellant in accordance with *Kelly*. *See* TEX. R. APP. P. 6.5, 9.4(g); *Kelly*, 436 S.W.3d at 319-20. We further **order** appellant's appointed counsel to file a notice with the Clerk of this Court "that he has (1) informed the appellant of the motion to withdraw and attendant *Anders* brief, [and] (2) provided the appellant with the requisite copies while notifying him of his various *pro se* rights, and (3) supplied him with a form motion for *pro se* access to the appellate record (and the mailing address for the court of appeals), to be filed within ten days, so that he may timely effectuate that right, if he so choose." *Kelly*, 436 S.W.3d at 319. Because the Clerk of this Court has already mailed appellant a form *pro se* motion for access to the appellate record on September 6, 2016, counsel does not need to send the form motion to his client, but should notify his client as provided above.

Counsel shall file the motion to withdraw and amended *Anders* brief and the required *Kelly* notice with the Clerk of this Court and send the required updated letter to his client, with the amended *Anders* brief, **within 10 days of the date of this order** or this Court may strike the brief. *See* TEX. R. APP. P. 9.4(k).

It is so ORDERED.

Judge's signature: /s/ Laura Carter Higley
                 ⊠ Acting individually
Date: September 15, 2016